1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

11
KARLUK KHAN MAYWEATHERS,

CASE NO. 05CV0713 WQH

12
                                   Plaintiff,

ORDER

            vs.
13
R. Q. HICKMAN, et al.,

14
                                   Defendants.

15

16
HAYES, Judge:

17
        The matter before the Court is the review of the Report and Recommendation (#75)

18
filed on December 26, 2006 by the United States Magistrate Judge Cathy Ann Bencivengo.

19
                              **BACKGROUND**

20
        On January 24, 2006, Plaintiff Karluk Khan Mayweathers, a state prisoner proceeding

21
*pro se*, filed a Third Amended Complaint against prison officials alleging civil rights violations

22
pursuant to 42 U.S.C. § 1983.

23
        On May 1, 2006, Defendants moved the Court to dismiss Plaintiff's Third Amended

24
Complaint.

25
        On December 26, 2006, Magistrate Judge Cathy Bencivengo issued a Report and

26
Recommendation recommending that Defendants' Motion to Dismiss Plaintiff's Third

27
Amended Complaint be granted in part and denied in part.  The Report and Recommendation

28
concluded as follows: 1) any claim alleged in the Third Amended Complaint based upon

actions from 1986, 1990 and 2001 are barred by the statute of limitations; 2) any claim against the California Department of Corrections is barred by the Eleventh Amendment; 3) any claim against Defendants Hickman, Woodford and Giurbino should be dismissed because the Third Amended Complaint contains no allegations of personal participation by these Defendants; 4) any claim for damages for an equal protection violation should be dismissed because Defendants are shielded by qualified immunity; and 5) any claim for violation of the Religious Land Use and Institutionalized Persons Act of 2000 and any claim for an equal protection violation based on religious discrimination should be dismissed for failure to state a claim. The Report and Recommendation further concludes that the Third Amended Complaint adequately states an equal protection claim for injunctive relief preventing the Defendants from assigning Plaintiff cell partners based upon race.

The parties were ordered to file any objections to the Report and Recommendation on or before August 26, 2005.

On January 24, 2007, Plaintiff filed objections to the Report and Recommendation. Plaintiff asserts that he is still being subjected to a policy of race based cell assignments.

The duties of the district court in connection with the Report and Recommendation of a Magistrate Judge are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court "must make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). The failure to file objections relieves the trial court of its burden to give *de novo* review to factual findings; conclusions of law must still be reviewed *de novo*. *Brilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989).

## RULING OF THE COURT

The Court has reviewed *de novo* all aspects of the Report and Recommendation of the Magistrate Judge filed on December 26, 2006. The Court adopts all portions of the Report and Recommendation except for the "Section E. Qualified Immunity" on page 7 line 12 through page 9 line 15. Therefore, the Court will dismiss 1) any claim alleged in the Third Amended

1  Complaint based upon actions from 1986, 1990 and 2001; 2) any claim against the California

2  Department of Corrections; 3) any claim against Defendants Hickman, Woodford and

3  Giurbino; and 5) any claim for violation of the Religious Land Use and Institutionalized

4  Persons Act of 2000 and any claim for an equal protection violation based on religious

5  discrimination.

6      The remaining claim in the Third Amended Complaint alleges a violation of Plaintiff's

7  14th amendment right to be free from racial discrimination on February 18, 2005 resulting

8  from a prison wide segregated cell policy against Defendants Bennett, Hunt, Trujillo, Ryan,

9  and Ochoa.  On December 20, 2005, this Court issued an order dismissing the Second

10  Amended Complaint which stated in part: "Plaintiff has alleged a housing policy based on

11  racial classification, but once again fails to identify a Defendant or Defendants who are

12  responsible for enforcing the alleged policy.  Although Plaintiff alleges several Defendants

13  'participated directly' in the enforcement of the policy, there are no factual allegations

14  regarding what actions these Defendants took which violated Plaintiff's equal protection rights.

15  Plaintiff contends that he was disciplined only once as a result of refusing to be celled with a

16  particular inmate, that that was the only time he had refused a cell assignment, and that

17  although he has requested to be celled with an inmate of another race on other occasions, he

18  has always been assigned a cell mate of the same race.  Plaintiff is granted leave to amend the

19  Complaint as to this claim, but must identify as a Defendant a person or persons who are or

20  were responsible for enforcing the policy against him and allege when the Defendant(s) actions

21  were taken."  Doc. # 36 at 19.

22      The Third Amended Complaint alleges that "Defendants R. Bennett, acting along with

23  Defendant Hunt, Trujillo and under the supervision of Defendants Ryan and Ochoa did violate

24  Plaintiff's 14 amendment right to be free from racial discrimination" on February 18, 2005 by

25  maintaining a prison wide segregated cell policy which serves no penological purpose; and that

26  Plaintiff requested and was refused the right to be free from this racial discrimination. (Doc.

27  # 41 at 3.)  The Magistrate Judge concluded and this Court agrees that this equal protection

28  claim is sufficiently alleged. (Report and Recommendation at 6-7.)  However, this Court

1   concludes that the Third Amended Complaint contains no allegation which identify Defendants

2   Bennett, Ryan and Ochoa in any manner and that these Defendants are entitled to be dismissed

3   from this action.

4        Defendants assert that they are entitled to qualified immunity on this equal protection

5   claim on the grounds that "Defendants were not aware in February 2005 that housing inmates

6   according to their race for safety reasons might violate the constitution." (Defendant's Memo

7   of Points and Authorities in Support of Motion to Dismiss at 9). The Third Amended

8   Complaint alleges a prison wide segregated cell policy.  Viewing the facts in the light most

9   favorable to the plaintiff, a prison wide segregated cell policy without any reference to safety

10  and security concerns would violate plaintiff's equal protection rights.  While security and

11  safety concerns factor into the constitutional analysis, the Court concludes that qualified

12  immunity cannot be decided at this stage in the proceedings based upon the allegations of the

13  Third Amended Complaint without any evidence in the record.

14       IT IS HEREBY ORDERED that the Court adopts all portions of the Report and

15  Recommendation except for the "Section E. Qualified Immunity" on page 7 line 12 through

16  page 9 line 15.  Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint is

17  GRANTED WITH PREJUDICE as to 1) any claim alleged in the Third Amended Complaint

18  based upon actions from 1986, 1990 and 2001; 2) any claim against the California Department

19  of Corrections; 3) any claim against Defendants Hickman, Woodford, Giurbino, Bennett,

20  Ryan, and Ochoa; and 5) any claim for violation of the Religious Land Use and

21  Institutionalized Persons Act of 2000 and any claim for an equal protection violation based on

22  religious discrimination; and DENIED as to the equal protection claim of a violation of

23  Plaintiff's 14th amendment right to be free from racial discrimination on February 18, 2005

24  resulting from a prison wide segregated cell policy against Defendants Hunt and Trijillo.

25

26  DATED:  March 2, 2007

27                           *William Q. Hayes*

28                           **WILLIAM Q. HAYES**
                          United States District Judge