UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARLUK KHAN MAYWEATHERS,<br><br>                        Plaintiff,<br><br>   v.<br><br>R. Q. HICKMAN, et al.,<br><br>                       Defendants. | Civil No.    05-CV-713 WQH (CAB)<br><br>**REPORT AND RECOMMENDATION RE DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>[Doc. # 80] |

## I. INTRODUCTION

This case is brought by Plaintiff Karluk Khan Mayweathers ("Plaintiff" or "Mayweathers"), a state prisoner proceeding *pro se*, under 42 U.S.C. § 1983. Plaintiff moved for summary judgment. Defendants opposed Plaintiff's motion. For the reasons that follow, the undersigned Magistrate Judge recommends that the motion be **DENIED.**

## II. FACTS

The Third Amended Complaint ("TAC") was filed on January 4, 2006. Plaintiff was at different times incarcerated at Calipatria, Solano and Tehachapi State Prisons. A specific description of the offensive act was provided only for the February 18, 2005 equal protection claim.

On February 18, 2005, Plaintiff was incarcerated at the Calipatria State Prison ("Calipatria"). Plaintiff was apparently celled with a cellmate of the same race. Plaintiff asked to be randomly celled with a cellmate of another race. (TAC, p. 3). Defendants R. Bennett, Hunt, and Trujillo, acting under

the supervision of Defendants Ryan and Ochoa, refused Plaintiff's request. *Id.* Plaintiff was then placed in administrative segregation for a week. *Id.* While in administrative segregation, Plaintiff was denied his religious diet trays required by his orthodox Muslim faith. *Id.* Plaintiff's TAC alleged violations of his equal protection rights and the Religious Land Use and Institutionalized Persons Act of 2000.[1]

On March 2, 2007, the Hon. William Q. Hayes dismissed with prejudice all of Plaintiff's claims except for the equal protection claim for violations of Plaintiff's Fourteenth Amendment rights to be free from racial discrimination, based on the February 18, 2005 incident.

### III. LEGAL STANDARD

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party must establish the existence of every element essential to that party's case, on which that party will bear the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Plaintiff as the movant for summary judgment bears the burden of providing sufficient evidence to establish a prima facie case. *See Washington Physicians Service Ass'n v. Gregoire*, 147 F.3d 1039, 1047-48 (9th Cir. 1998). The evidence is read in the light most favorable to the nonmoving party. *See Keenan v. Allan,* 91 F.3d 1275, 1278 (9th Cir. 1996).

If the moving party satisfies their burden, the opposing party must go beyond the pleadings and "set forth specific facts" to show a genuine issue for trial. *See Celotex*, 477 U.S. at 323-24.

### IV. DISCUSSION

Plaintiff has failed to provide any evidence in support of his motion for summary judgment. The only claim remaining in the action is one for racial discrimination under the equal protection clause of the Fourteenth Amendment. The TAC alleges that Defendants violated Plaintiff's equal protection rights by their actions on February 18, 2005, and by implementing a prison-wide policy of racial segregation of inmates, apparently for interests related to security.

The "Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny

---

[1] In addition, the TAC briefly referred to a "violation of APA" without providing any details or even the full name of the law violated. (TAC, p. 3). In the event "APA" stands for the Administrative Procedure Act, the TAC did not even attempt to state a claim under the Act.

to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center, Inc.,* 473 U.S. 432, 439 (1985). "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir. 1998), *cert. denied,* 525 U.S. 1154 (1999). Where the defendants consider race as a factor in assigning cellmates, the policy is suspect on its face and the plaintiff need not prove discriminatory intent or impact. *See Walker v. Gomez,* 370 F.3d 969, 973-74 (9th Cir. 2004).

Plaintiff has failed to provide the requisite evidentiary support for his claim. Mayweathers argues that Defendants intentionally practice racial segregation in assignment of cellmates, and that these violations are ongoing and will continue into the future. As evidence, Plaintiff attached to his motion the decision by the Director of the California Department of Corrections denying Plaintiff's administrative appeal Log No. CAL 06-01877. The decision discusses a delay in processing Plaintiff's lower level appeals and Plaintiff's allegations that the delay was a reprisal to cover up other unspecified violations. This document does not offer any factual proof regarding the racial discrimination claim. Plaintiff also attached his requests for admissions ("RFAs") and Defendants' responses. Request for Admission No. 7 asks Defendants to admit that the prison has a racial compaction policy, *i.e.,* requires African-American prisoners to be housed together. Defendants objected to the request and denied it. Finally, Plaintiff offers a response of C. G. Butler, an Associate Warden, regarding Plaintiff's request for an interview. The responses states that Plaintiff had expressed several concerns regarding the modified program at Calipatria and regarding the service provided by the prison's medical department. The document does not mention the February 18, 2005 incident. To the extent that the document addresses the modified program, it explains that the program is implemented in order to ensure the inmates' safety and not for punishment. There is no stated relationship between the modified program and any race-based considerations.

Plaintiff's evidence does not show that he was treated differently from other inmates based on his race. The documents make no specific mention of the February 18, 2005 incident or the Defendants

involved in it. The evidence also does not establish that Calipatria had a policy of intentional racial segregation. On the contrary, Defendants denied having a race-based compaction policy. Defendants are correct in saying that Plaintiff's motion consists of nothing more than conclusory allegations.

Further, although Plaintiff complains of ongoing violations, his claim for injunctive relief is moot. An inmate's release from prison or transfer to a different prison "generally will moot any claims for injunctive relief relating to the prison's policies unless the suit has been certified as a class action." *Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995) (citations omitted). Plaintiff is no longer subject to the conditions of which he complained.

In addition, Plaintiff cannot seek injunctive relief on behalf of other prisoners because he has no standing. Standing is the "irreducible constitutional minimum" for bringing a judicial action, and requires an injury in fact, causation, and redressability. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992). "[A] person cannot predicate standing on injury which he does not share. Standing cannot be acquired through the back door of a class action." *Allee v. Medrano*, 416 U.S. 802, 828-29 (1974). Because Plaintiff is no longer suffering his alleged injury of racial segregation, he lacks standing to sue on behalf of others. Therefore injunctive relief is not available.

In addition, assuming that Plaintiff's motion has merit, it is premature. The motion was filed on March 2, 2007. At that time, no Answer was filed and no scheduling order issued. Therefore the discovery period had not even begun. Defendants intend to conduct discovery, including taking Plaintiff's deposition. Defendants should be given an opportunity to gather evidence to oppose the motion before a final ruling is issued. *See* Fed. R. Civ. P. 56(f).

Finally, Plaintiff's motion includes arguments in support of claims other than for equal protection violations, including the claims related to his religious diet and loss of his "religious property." The exhibits attached to Plaintiff's reply to Defendants' opposition mention various other allegations, including allegations of inadequate medical care. As noted above, the only remaining claim in this case is for equal protection violations. No other claims or evidence related to other claims will be considered.

## V. CONCLUSION AND RECOMMENDATION

Having reviewed the matter, the undersigned Magistrate Judge recommends that Plaintiff's Motion for Summary Judgment be **DENIED**. This Report and Recommendation of the undersigned

1  Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to 28
2  U.S.C. § 636 (b)(1).
3       **IT IS ORDERED** that no later than **August 27, 2007**, any party to this action may file written
4  objections with the Court and serve a copy on all parties.  The document should be captioned
5  "Objections to Report and Recommendation."
6       **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and
7  served on all parties within **10 days** of being served with the objections.
8       **IT IS SO ORDERED.**

10  DATED: July 31, 2007

12                        **CATHY ANN BENCIVENGO**
                      United States Magistrate Judge