UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARLUK KHAN MAYWEATHERS,<br><br>                            Plaintiff,<br><br>      v.<br><br>R.Q. HICKMAN, et al.,<br><br>                          Defendants. | Civil No.   05cv713 WQH (CAB)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br>**[Doc. No. 126.]** |

Plaintiff Karluk Khan Mayweathers, a state prisoner proceeding *pro se*, brought this action for violations his civil rights under 42 U.S.C. § 1983. On September 10, 2008, Plaintiff submitted a renewed motion for appointment of counsel. For the reasons set forth below, Plaintiff's motion is **DENIED**.

Plaintiff has not made the showing required for appointment of counsel in civil cases. An indigent's right to appointed counsel has been recognized to exist "only where the litigant may lose his physical liberty if he loses the litigation." *Lassiter v. Department of Social Services of Durham County, N. C.*, 452 U.S. 18, 25 (1981). Appointment of counsel in proceedings *in forma pauperis* is governed by 28 U.S.C. § 1915(d), which "confers on a district court the discretion to designate counsel to represent an indigent civil litigant." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (internal citation omitted).

"The court may appoint counsel under section 1915(d) only under 'exceptional circumstances.'" *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (internal citation omitted). "A finding of

1  exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the
2  ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues
3  involved." *Id.* (internal citations omitted).  "Neither of these factors is dispositive and both must be
4  viewed together before reaching a decision." *Id*. (internal citation omitted).

5  Here, Plaintiff fails to demonstrate a likelihood of success on the merits.  Indeed, on May 16,
6  2008, this Court issued a Report and Recommendation on Defendants' motion for summary judgment, in
7  which it recommended Defendants' motion be granted.  Therefore, the likelihood of success on the
8  merits is poor.

9  In regards to the second prong of the analysis, Plaintiff puts forth the same arguments as in his
10  second motion for appointment of counsel, which this Court denied on May 16, 2008.  Specifically, he
11  claims the issues are complex and may require the appointment or use of expert witnesses.  He also
12  claims prison library access is limited. However, these factors do not point to the presence of exceptional
13  circumstances, but are instead indicative of difficulties which any incarcerated litigant would have in
14  proceeding *pro se*.  Plaintiff has shown no lack of ability to articulate his claims *pro se*.  He has filed
15  several amended pleadings, with the current operative pleading being his Third Amended Complaint, as
16  well as numerous motions.  His filings are fairly organized and present the issues and arguments with
17  adequate clarity and efficiency.

18  Furthermore, *pro se* litigants are afforded some leniency to compensate for their lack of legal
19  training.  "In civil rights cases where the plaintiff appears *pro se*, the court must construe the pleadings
20  liberally and must afford plaintiff the benefit of any doubt."  *Jackson v. Carey*, 353 F.3d 750, 757 (9th
21  Cir. 2003) (internal citation omitted).  This requirement of liberality applies to motions.  *See Bernhardt
22  v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003) (internal citations omitted).  Therefore
23  Plaintiff may be assured that his *pro se* status will be taken into account by the Court reviewing his
24  papers.
25  ///
26  ///
27  ///
28  ///

1  Accordingly, based on the foregoing, Plaintiff's motion for appointment of counsel is **DENIED**
2  without prejudice.
3  **IT IS SO ORDERED**.

5  DATED: September 10, 2008

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge